O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
JUL 28 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

YVETTE SEPULVEDA,
Plaintiff,
vs.
MICHAEL J. ASTRUE, Commissioner of Social Security,
Defendant.

Case No. EDCV 09-2034 RNB

ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff filed a Complaint herein on November 5, 2009, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on July 15, 2010.[1] Thus, this matter now is ready for decision.[2]

---

1 A second copy of the Joint Stipulation was filed on July 20, 2010.

2 As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") adequately developed the record.

2. Whether the ALJ properly evaluated the plaintiff's credibility.

3. Whether the ALJ properly evaluated the credibility of Christina Murietta, the plaintiff's best friend.

4. Whether the ALJ properly evaluated plaintiff's non-exertional limitations.

## DISCUSSION

The Court is unable to affirm the ALJ's determination of plaintiff's residual functional capacity ("RFC") for the following reasons.[3]

1. The ALJ failed to adequately develop the record.

With respect to Disputed Issue No. 1, the Court concurs with plaintiff that the

---

[3] With respect to Disputed Issue No. 4, as the Commissioner points out, the non-exertional postural and environmental limitations assessed by Dr. Naiman would not have reduced the range of jobs available in the sedentary range. Accordingly, the Court finds and concludes that, even if the ALJ failed to provide legally sufficient reasons for rejecting those non-exertional postural and environmental limitations, the error was harmless. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

ALJ failed to adequately develop the record.

It is well-established that the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, and that this special duty exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The Court concurs with the Commissioner that the ALJ fulfilled this duty with respect to the records of plaintiff's treating physician, Dr. Akmakjian, by holding the record open following the administrative hearing to allow plaintiff to submit additional medical records from him. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record."); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (holding that ALJ satisfied any duty to develop record by requesting additional records from claimant and her counsel, and by keeping post-hearing record open for supplemental medical evidence).

However, in the Court's view, the ALJ erred by not ordering a plaintiff to undergo a consultative examination, when the post-hearing medical records did not include an assessment of plaintiff's post-surgery functional limitations or even a prognosis. While the Commissioner is correct in asserting that, under the regulations, the ordering of a consultative examination is discretionary (see 20 C.F.R. § 416.917), the Court finds that the ALJ's failure to do so in this instance, where there was insufficient medical evidence in the record to determine plaintiff's post-surgery status, constituted a violation of the ALJ's special duty to fully and fairly develop the record and resulted in a decision that was based on pure conjecture.

2. The ALJ failed to make a proper adverse credibility determination with respect to plaintiff's subjective pain and limitations testimony.

With respect to Disputed Issue No. 2, the Court concurs with plaintiff that the

ALJ failed to make a proper adverse credibility determination with respect to plaintiff's subjective pain and limitations testimony.

The law is well established in this Circuit that, where as here the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

Since the ALJ did not make an express finding of malingering here, the issue before the Court is whether the ALJ provided reasons for his adverse credibility determination that satisfy the "clear and convincing" standard set forth above. The reasons provided by the ALJ were as follows:

> 1. "The weight of the evidence does not support the claims of the claimant's disabling limitations to the degree alleged." (AR 13.)
>
> 2. "None of the claimant's physicians have opined that she is totally and permanently disabled from any kind of work." (AR 14.)
>
> 3. "There is no evidence in the record to support the claimant's allegation that she must lie down for 5-6 hours during the day." (Id.)
>
> 4. "The record does no[t] show that the claimant requires any special accommodations (e.g., special breaks or positions) to relieve her pain or other symptoms." (Id.)
>
> 5. "In terms of the claimant's alleged inability to do work due to back and leg pain, the record does not contain evidence which shows that the claimant is functionally unable to work." (Id.)

  6. "The claimant's alleged subjective complaints are not supported by her active life that includes cooking, cleaning the house, drive a car, go shopping for food and household necessities, collecting Betty Boop paraphernalia, visiting people and spending time of [sic] the telephone." (Id.)

7. "The record reflects that the claimant has a very spotty work history and in fact, has not worked since 1998. This raises a question as to whether the claimant's continuing employment is actually due to medical impairments." (Id.)

8. "[T]he claimant testified that her leg pain was 10 out of 10. This allegations finds no support in the record. She never described her pain to any doctor as that severe. Furthermore, the undersigned had the opportunity to observe the claimant at the hearing and she did not exhibit such extreme pain." (Id.)

9. "The claimant had fusion surgery in January 2009 and at the time of the hearing was in convalescent status. However, there is no evidence that she will remain in that status and unable to do sedentary work for any 12 continuous months." (Id.)

10. "[T]he claimant has not always followed treatment recommendations. It was noted that she had been placed in permanent and stationary status as far back as September 1998 because of her failure to follow up or request any additional treatment for a period of many years." (Id.)

The Court finds that the first and fifth "reasons" provided by the ALJ constitute the same kind of "general findings" that the Ninth Circuit held in Dodrill, 12 F.3d at 918, were insufficient to reject a claimant's testimony regarding debilitating pain.

The Court further finds that the second "reason" provided by the ALJ does not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony because it disregards the evidence of record establishing plaintiff's disability status for at least 12 continuous months. On May 20, 2007, Dr. Jackson revised his previous opinion and opined that plaintiff "should have been considered to have been temporarily totally disabled by October 2006 in preparation for the lower back surgery which was done in November 2006." (See AR 185). There is no evidence in the record that plaintiff's totally disabled status changed between May 20, 2007 and September 13, 2007, when Dr. Akmakjian first saw her and found her a candidate for fusion surgery based inter alia on her continued experiencing of "intolerable" pain and the failure of conservative treatment. (See AR 318-21.) Nor is there any evidence in the record that plaintiff's totally disabled status changed between September 2007 and May 2008, when Dr. Akmakjian opined that plaintiff remained on "temporary total disability," an opinion Dr. Akmakjian also repeated in June, August, and September 2008. (See AR 325, 329, 332, 338.) Nor is there any evidence in the record that plaintiff's totally disabled status changed between September 2008 and the time she had the fusion surgery in January 2009. The ALJ implicitly acknowledged that plaintiff still was totally disabled as of March 12, 2009, the date of the hearing. In his May 20, 2007 report, Dr. Jackson opined that, if plaintiff indeed underwent the fusion surgery, "then additional time for temporary total disability would conceivably be appropriate lasting another one to two years at a minimum." (See AR 186.)

The Court further finds that the third and fourth "reasons" provided by the ALJ seemingly imposed on plaintiff a burden that she did not have under governing Ninth Circuit law. See Cotton, 799 F.2d at 1407 ("Requiring full objective confirmation of pain complaints before believing them 'would overlook the fact that pain is a highly idiosyncratic phenomenon, varying according to the pain threshold and stamina of the individual victim,' and it would trivialize the importance that we have consistently

ascribed to pain testimony, rendering it, in the final analysis, almost superfluous."). Moreover, the lay witness's testimony corroborated that plaintiff did need a special accommodation (i.e., a shower chair) to relieve her pain. (See AR 146.)

For the reasons stated by plaintiff (see Jt Stip at 19-20), the Court further finds that the sixth "reason" provided by the ALJ overstated how "active" her lifestyle was. The Court further finds that the daily activities cited by the ALJ do not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."); Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) (holding that daily activities may not be relied upon to support an adverse credibility determination unless the ALJ makes an explicit finding to the effect that plaintiff's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

As to the seventh "reason" provided by the ALJ, the Court further finds that neither plaintiff's "spotty work history" nor the fact that plaintiff has not worked since 1998 constitutes a clear and convincing reason for rejecting plaintiff's subjective pain testimony. Put another way, the Court fails to see how plaintiff's not working since 1998, given the plethora of medical evidence substantiating the severity of her back impairment, "raises a question as to whether the claimant's continuing employment is actually due to medical impairments."

As to the eighth "reason" provided by the ALJ, the Court notes that plaintiff's

hearing testimony regarding the severity of her pain was not inconsistent with plaintiff's report to her treating physician on August 14, 2008 that her pain was "intractable" and at times "unbearable." (See AR 327.) Moreover, this reason is not sufficient under Smolen, 80 F.3d at 1282, where the Ninth Circuit held: "The ALJ also erred by rejecting Smolen's symptom testimony on the ground that her medical charts did not document prior statements corroborating her fatigue and pain; such evidence is not required to satisfy the Cotton test." Further, the Court concurs with plaintiff that the fact that she did not exhibit "extreme pain" at the hearing does not constitute a clear and convincing reason for rejecting her subjective pain testimony. See Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984) ("The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible.").

The Court further finds that the ninth "reason" provided by the ALJ is based on pure conjecture. It also is not supported by the evidence of record in that, as noted above, Dr. Jackson opined that, if plaintiff indeed underwent the fusion surgery, "then additional time for temporary total disability would conceivably be appropriate lasting another one to two years at a minimum." (See AR 186.)

Finally, the Court finds that the tenth "reason" provided by the ALJ, which relates to a period of time years before the relevant period, does not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony.

3. The ALJ failed to make a proper adverse credibility determination with respect to Ms. Murietta's lay witness testimony.

With respect to Disputed Issue No. 3, the Court concurs with plaintiff that the ALJ failed to make a proper adverse credibility determination with respect to Ms. Murietta's testimony as reflected in the third party questionnaire. (See AR 145-52.)

The law is well-established in this Circuit that lay witness testimony as to how

a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen, 80 F.3d at 1288-89; Dodrill, 12 F.3d at 919. Here, the ALJ did not actually provide a reason for not fully crediting Ms. Murietta's testimony. Rather, he merely stated that Ms. Murietta's "representations as to the claimant's activities and functional limitations are similar to those described by the claimant and are found credible only insofar as the claimant's allegations have been found credible as explained above." (AR 14.)

Moreover, to the extent that the ALJ's statement was intended as an adoption of the ALJ's reasons for rejecting plaintiff's subjective testimony, the Court's findings with respect to those reasons apply with equal force to the ALJ's failure to fully credit Ms. Murietta's testimony. See also Dodrill, 12 F.3d at 919 ("That the ALJ dismissed all the lay witness testimony solely because he found the claimant was not credible suggests he may have been under the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms.").

**CONCLUSION AND ORDER**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

This is not an instance where no useful purpose would be served by further

administrative proceedings, or where the record already has been fully developed. Rather, the Court concludes that this is an instance where additional administrative proceedings still could remedy the defects in the ALJ's decision, including consideration of whether plaintiff is entitled to a closed period of disability.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: July 28, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE